## SAMUEL FLINT *vs.* JAMES PIERCE.

*One who, to become a member of a corporation, signs a by-law which pledges members to be liable " in their individual as well as their collective capacity " for all moneys lent to it, is not thereby personally liable to the lender, for money subsequently lent to the corporation, without other evidence that it was lent on the credit of the by-law than that the preamble thereof sets forth that the design of the corporation is to afford to persons desirous of saving their money the means of employing it to advantage.*

CONTRACT against a stockholder of the Reading Agricultural and Mechanic Association for the amount of a balance due on a promissory note of the association made by its treasurer. The declaration alleged the individual liability of the defendant on the note by reason of his subscription of the following by-law of the association : " Article 10. The members of this association pledge themselves in their individual as well as their collective capacity to be responsible for all moneys loaned to this association and for the payment of which the treasurer may have given his obligation agreeably to the direction of the defendants."

At the trial, before *Gray,* J., without a jury, these facts appeared : The association was incorporated by the St. of 1830, *c.* 41, " for the purpose of encouraging agriculture and the mechanic arts by granting premiums or loans of money, and for relieving the distresses of unfortunate mechanics and their families, and to have all the privileges usually given by acts of incorporation to charitable societies ; " and was organized March 30, 1831, when it adopted by-laws, one of which was that above quoted, and another provided that " any person may become a member of this association by subscribing his name to these by-laws and paying to the treasurer the amount of one or more shares." The preamble of the by-laws was as follows : " The design of this institution is to afford to those who are desirous of saving their money the means of employing it to advantage ; it is intended to encourage the industrious and prudent, and to induce those who have not hitherto been so to lessen their unnecessary expenses, and to save and lay by something for a period of life when they will be less able to earn a support."

The association never granted premiums for encouraging agriculture and the mechanic arts, nor ever made gifts for relieving the distresses of unfortunate mechanics and their families; but its sole business was the borrowing of money and discounting of notes therewith. From 1847 to 1860 it paid annual dividends of five dollars per share; and from and after 1852 its capital stock consisted of fifty shares of one hundred dollars each. The defendant subscribed his name to the by-laws, and became a shareholder and member of the association, prior to 1847. In 1859 the plaintiff lent to the association twenty-six hundred dollars, and held its notes therefor at five per cent. interest. Prior to August 29, 1862, the directors instructed the treasurer to " pay all outstanding notes which were at five per cent. interest, unless the creditors would renew them at four per cent. interest, and to renew all such as would renew at four per cent.; " and the treasurer gave notice of this direction to the plaintiff, who on that day surrendered the notes he held at five per cent., and took instead the following note for the balance due him : " Reading, August 29, 1862. The Reading Agricultural and Mechanic Association for value received promise to pay Samuel Flint or order twenty-six hundred and ninety-nine dollars in twenty days after demand, with interest at four per cent. if not paid within one year from date. Jonathan Frost, Treasurer." Upon this note the association made one payment of ninety-nine dollars in October 1862, and another of six hundred dollars and one year's interest in January 1864, and then, notwithstanding repeated demands by the plaintiff, failed ever to pay the balance. More than twenty days after the last such demand the plaintiff gave the defendant notice of the failure of the association to pay the note, and demanded payment thereof from him as a member of the association, and upon his refusal brought this action.

The judge reserved the case for determination by the full court; judgment to be entered for the plaintiff if it should be warranted by the facts, otherwise for the defendant.

*D. S. Richardson,* for the plaintiff. The promise of individual liability which the defendant subscribed was good as a contract, if not as a by-law. Angell & Ames on Corporations,

§ 342. *Mussey* v. *Bulfinch Street Society*, 1 Cush. 148. The preamble shows that it was addressed to the public. The consideration was sufficient. It was a loan of money to the association, for the payment of which the treasurer gave his note agreeably to the direction of the directors, and was made in part for the defendant's benefit, who, as a stockholder, shared in the profits. *Davis* v. *Universalist Meeting-house Society*, 8 Met. 321. It was not needful that it should be direct to him as promisor. *Mellen* v. *Whipple*, 1 Gray, 321. *Dow* v. *Clark*, 7 Gray, 201. *Colt* v. *Root*, 17 Mass. 229. *Arnold* v. *Lyman*, Ib. 400. In *Trustees of Free Schools in Andover* v. *Flint*, 13 Met. 543, it was only by the defendant's omission to sign a similar by-law that he avoided liability thereon.

*T. H. Sweetser & A. A. Prescott*, for the defendant.

WELLS, J. The note upon which this action is based is the contract of the corporation. The defendant is not a party to that contract; and the plaintiff does not seek, by this suit, to charge him upon any statute liability as a stockholder. Responsibility for the amount of the note is sought to be established through a by-law of the corporation, to which the defendant had attached his signature. This by-law, with others, was adopted in 1831. To become a member of the association it was requisite to subscribe the by-laws. It does not appear that the defendant's signature was attached for any other purpose than to constitute him a member of the corporation. It does not appear, and is not alleged, that the plaintiff lent his money upon the faith or credit of the individual pledge contained in the by-law ; nor that the by-law was in any manner made known to him, or to the public, as the basis of such credit.

The office of a by-law is to regulate the conduct and define the duties of the members towards the corporation and between themselves. So far as its provisions are in the nature of contract, the parties thereto are the members of the association, as between themselves ; or the corporation upon the one side, and its individual members upon the other. The right of any third party, stranger to the association, to establish a legal claim through such a by-law, must depend upon the general principles

applicable to express contracts, as laid down in *Mellen* v. *Whipple*, 1 Gray, 317, and the subsequent decisions in *Field* v. *Crawford*, 6 Gray, 116, and *Dow* v. *Clark*, 7 Gray, 198. No action can be maintained by such third party unless he can bring his case within some of the recognized exceptions to that general rule. A pledge like the one in question, if made for the purpose of enabling the corporation to obtain a loan upon the faith of it, and used for that purpose, may perhaps give a right of action against the subscribers in favor of a party who has been induced to advance money upon its credit. This seems to be implied strongly by the decision in the case of *Trustees of Free Schools in Andover* v. *Flint*, 13 Met. 543, inasmuch as the plaintiff in that case appears to have failed to recover upon a similar claim merely for the reason that the defendant had not signed the by-law. But no such facts are shown to exist in the present case. The plaintiff not only is no party to the contract contained in the by-law, but he fails to show any privity between himself and the defendant in relation to the subject matter, or to the consideration, of his demand. Judgment must be rendered accordingly for the defendant.