OMAHA LAW LIBRARY ASSOCIATION V. WILLIAM J. CONNELL.

FILED JUNE 9, 1898. No. 8166.

1. **Corporations:** ASSESSMENT OF STOCK. An assessment, as that term is understood in corporation law, is a levy made upon the stock of the corporation requiring the stockholder to pay in proportion to the amount of stock owned by him.

2. ———: ———: DUES. The charter of the Omaha Law Library Association examined, and *held* to confer authority on the board of directors of the corporation to enact a by-law imposing an annual due on each of its stockholders.

3. ———: ———. The by-laws of said corporation examined, construed, and *held* not to attempt an assessment of the stock of the corporation.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J.   *Reversed.*

*Charles W. Haller* and *Brome, Burnett & Jones,* for plaintiff in error.

*William F. Gurley, contra.*

RAGAN, C.

The Omaha Law Library Association sued William J. Connell in the district court of Douglas county to recover certain dues imposed upon him as a stockholder of said corporation by the by-laws thereof.   To review the judgment of the district court dismissing the association's action it has filed a petition in error in this court.

1. The undisputed facts in the case are as follows: The library association is a corporation created and subsisting under and by virtue of the general incorporation law of the state.   Its capital stock is fixed at $10,000, divided into shares of $100 each.   Connell was a subscriber for one or more shares of this stock, has paid in full for the stock subscribed, and is a stockholder of the corporation, and the dues for which this suit was brought are unpaid.

Article 1 of the articles of incorporation declares: "The undersigned do hereby associate ourselves together and declare that we, together with our associates, successors, and assigns, are and shall be a corporation under and by virtue of the statutes of the state of Nebraska, by the name and style of The Omaha Law Library Association."

Article 2: "The object and purpose of the said corporation shall be to establish and maintain a law library in the city of Omaha, in Douglas county, in the state of Nebraska, for the use of the members of said association."

Article 6 of said corporation provides, among other things: "The board of directors shall have power to provide for the forfeiture of the stock of the association for failure for a period of not less than one year of the owner of any share or shares to pay the annual dues assessed thereon."

Article 11: "By-laws may be made by the corporation not inconsistent with law or with these articles."

The by-laws, section 24, provide: "To meet the current expenses of maintaining the library the following dues shall be paid to the treasurer, or by his direction to the librarian. Attorneys residing in this county shall pay annual dues at the rate of $15 per annum in advance. * * * Attorneys not residing in this county and not being stockholders may have all the privileges of the library on paying in advance $5 for each and every month."

Section 26 provides: "No attorney residing in this county shall be entitled to the use of the library unless he owns at least one share of its capital stock paid up in full."

In support of the judgment of the district court it is insisted that the dues sued for herein are assessments levied or attempted to be levied by the by-laws upon the capital stock of the corporation; that as Connell has fully paid for all the stock for which he subscribed; that as the statute under which the corporation was organized does

not expressly authorize the assessment of the stock, and that as the articles of incorporation—the charter of the corporation—do not expressly authorize the assessment of the stock of the corporation, therefore the by-law imposing the dues is void. The correctness of the conclusion drawn by counsel for Connell, that this by-law is void, may be conceded if the dues provided for therein are assessments upon the stock of the corporation within the meaning of that term as used in corporation law. It is true that this association is not a club, nor a benevolent association, nor a voluntary unincorporated association. It is a corporation, in the broadest sense of that term, duly organized and existing, with a fully subscribed and paid up capital stock. Therefore, in the absence of a statute, or some provision in its articles of incorporation expressly authorizing assessments to be levied upon the paid-up stock, the directors may have no authority to enact a by-law imposing assessments upon the capital stock. An assessment, as that term is understood in the corporation law, is a levy made upon the stock of the corporation and requires the stockholder to pay in proportion to the amount of stock owned by him. But the by-law under consideration does not attempt to levy an assessement upon the stock of this corporation. It provides simply that every stockholder in the corporation shall pay to its treasurer an annual due of $15, and the dues are imposed upon the stockholder— not upon the stock. The holder of one share of stock pays the same dues as the holder of any number of shares of stock; so that the real question is as to the authority of the board of directors to enact this by-law requiring each stockholder of the corporation to pay an annual due. No provision of the statute, under which this corporation was organized, expressly authorizes the enactment of a by-law imposing dues upon the stockholders, and no clause of the articles of incorporation in express terms authorizes the enactment of such a by-law. But we are of opinion that implied authority for the enact-

ment of such a by-law is found in article 6 of the articles of association, which in express terms gives the board of directors authority to provide for the cancellation of a stockholder's stock by reason of his failure to pay the annual dues imposed upon him. Furthermore, article 11 of the articles of incorporation provides: "By-laws may be made by the corporation not inconsistent with law or with these articles." Now what was the purpose for which this by-law in controversy was enacted? While this association is a *de jure* corporation, still it is not a corporation for trade or profit. It is not engaged in any commercial enterprise, but, as its charter declares, it is organized for the purpose of establishing and maintaining a law library for the use of its stockholders. It must have been apparent to the organizers of this corporation that after it was organized certain current expenses would have to be met. Books would have to be purchased from time to time to keep up the library. Rent and taxes would have to be paid. There would be the expense of light and fuel; a janitor and a librarian to be provided for; and, with these thoughts in mind, we think the promoters of this corporation, by its articles of association, authorized its board of directors to enact just such a by-law as the one in controversy, namely, one to meet the current expenses of maintaining the library. The by-law, then, is not inconsistent with the law authorizing the creation of the corporation, nor is it inconsistent with the corporation's charter.

2. Connell also interposed as an answer to this action that during the time in which the dues sued for herein accrued he was not engaged in the practice of law and had no opportunity of enjoying the privileges and the use of the library. This was no defense. The by-law imposes the annual due upon the stockholder, and so long as he is a stockholder he is liable for the dues whether he uses the library or not. Being a stockholder he has the privileges of the library and with the privileges go the burdens.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.