JOHNSON ELECTRIC-SERVICE CO. v. DETROIT CHAMBER
OF COMMERCE.[1]

CHAMBER OF COMMERCE—MEMBER'S LIABILITY—BY-LAWS—ANNUAL
   DUES—BILL TO COMPEL LEVY.
   A by-law giving the board of directors of a chamber of com-
   merce authority to fix a certain amount as annual dues, to be
   assessed against members for the purposes of the association,
   affords no ground for compelling the directors, at the suit of
   a judgment creditor, to levy an assessment to raise funds to
   pay complainant's claim, where the capital stock and all
   voluntary assessments have been paid in full by the members.

Appeal from Wayne; Carpenter, J.   Submitted April
10, 1900.   Decided May 15, 1900.

Bill by the Johnson Electric-Service Company against
the Detroit Chamber of Commerce and others to enforce
the collection of a judgment.   From a decree dismissing
the bill, complainant appeals.   Affirmed.

*Tarsney & Fitzpatrick*, for complainant.

*Warner, Codd & Warner, F. A. Baker, Wells, An-*
*gell, Boynton & McMillan*, and *Russel & Campbell*, for
defendants.

MOORE, J.   The defendant corporation is organized
under chapter 108, 1 How. Stat., entitled "Boards of
Trade and Chambers of Commerce," under the name of
the Detroit Chamber of Commerce.   The act provides
(section 3802) that:

"Any number of persons, not less than twenty,   *   *
*   may associate themselves together as a board of trade,
and assemble at any time and place upon which a major-
ity of the members so associating together may agree,

---

[1] Rehearing denied September 24, 1900.

and elect a president, one or more vice-presidents, and such other officers as may be determined upon, adopt a name, constitution, and by-laws such as they may agree upon, and shall thereupon become a body corporate and politic, in fact and in name, by the name, style, or title which they have adopted."

A constitution and code of by-laws were adopted. In the by-laws it is provided under the title "Membership:"

"Upon signing an agreement to be governed by the charter, rules, and by-laws of the association, and paying the annual or other assessment then due,  *  *  *  such applicant shall become a member of the Detroit Chamber of Commerce."

It is provided that any person shall be eligible to membership, and shall be admitted, on payment of $100, by a majority vote of the board of directors. A certificate of membership shall be issued to each member, showing the payment of the membership fee, and said membership shall be transferable only on the books of the company. Under the heading "Annual Dues:"

"In addition to the price of membership, there shall be paid on each membership (carrying voting power) such sum as may be fixed by the board of directors, payable annually."

It is also provided that the board of directors shall, annually, soon after their election, fix the amount that shall be levied and assessed on each member for the purposes of the association for the year. Another section makes it the duty of the board of directors to report the full amount assessed upon each member within at least one week after the assessment has been made, and no member of the association shall be entitled to vote at the annual election unless he shall have paid such assessment.

The record shows the board of directors fixed the annual dues at the sum of $10. The capital stock of the corporation consisted of 1,000 shares, of $100 each. It was all taken. A site for a building was bought, and an arrangement for putting up an expensive building, by issuing

bonds secured by a mortgage upon the building and site, was made. The building was erected. The mortgage was afterwards foreclosed.

The complainant obtained a judgment against defendant corporation for upwards of $10,000 for appliances put in at the time of the construction of the building, and filed this bill of complaint to enforce its judgment against the individual stockholders of the corporation by having a court of equity compel the directors to levy an assessment upon its members for that purpose. The record discloses that all the shareholders paid in full for their stock, and also paid the annual dues fixed by the board of directors; but it is claimed that, by reason of the provision of the by-laws we have already quoted, the stockholders are personally liable for the debts of the corporation.

The learned circuit judge, in a written opinion dismissing the bill, used the following language:

"If it is the duty of the defendants to make said levy, it is their duty to make a levy in all similar cases which may arise; that is, it is their duty to make a levy to pay all debts against the defendant corporation. If there is such a duty, it arises from the by-laws above quoted, and it exists because the members have thereby made an agreement to pay the debts of the defendant corporation. The determination of this case, then, depends upon whether the members have made any such agreement. When they agreed to pay annually such sums as the board of directors, elected by themselves, should determine, did they thereby agree to pay all the debts of the corporation, regardless of the determination of said board of directors? To ask this question is to answer it. According to both reason and authority, one must be held according to the terms of his promise, or not held at all. If I agree to contribute to an enterprise such sums as one designated by me may determine, I do not agree to contribute what a court, or jury, or any other body or person may say are needed for that enterprise.

"But it is said that creditors had a right to look at this obligation as an asset in the nature of capital stock, which would be used to pay debts, and that complainant can now insist upon that right. In my judgment, the agreement in question is in no sense an agreement to contribute

to the capital stock. Each member has paid what he agreed to contribute to that. This is an agreement to pay something additional, which the members and every one else looking at the agreement would naturally call 'annual dues.' If a creditor had any right to expect these annual dues to be applied to pay his debt, he had no right to expect them to be fixed in any other manner than as agreed. If he enforces the agreement, he can only enforce it according to its meaning. It does not mean that the members will pay all the debts of the corporation."

We agree with what is here said by the circuit judge. *Port Huron, etc., R. Co.* v. *St. Clair Circuit Judge,* 31 Mich. 456; 17 Am. & Eng. Enc. Law, 91, and cases cited.

In addition to the reason given by the learned judge in dismissing the bill of complaint, there are several reasons why the complainant cannot maintain this bill. It is evident there was no thought on the part of the corporation or of the shareholders that the latter, by reason of the by-laws, incurred any liability except for the annual dues, to be fixed by the directors, to be used to pay the current expenses incident to the purposes of the organization. We think it equally clear, from reading the articles of association and the by-laws, that the liability incurred because of the adoption of the by-law related solely to the annual dues, which should be fixed by the board of directors for the current expenses incident to the purposes of the organization. These dues were fixed by the board of directors at the sum of $10 annually, thereby placing a limit upon the extent of the liability. The dues were paid by the shareholders, and the liability for the annual dues so fixed was discharged. This by-law was not designed to impose a general liability upon the stockholders, and did not have that effect. 1 Beach, Priv. Corp. §§ 143, 322; *Peck* v. *Elliott,* 24 C. C. A. 425 (79 Fed. 10, 38 L. R. A. 616); *Trustees of Schools* v. *Flint,* 13 Metc. (Mass.) 539; *Flint* v. *Pierce,* 99 Mass. 68 (96 Am. Dec. 691); *Reid* v. *Manufacturing Co.,* 40 Ga. 98 (2 Am. Rep. 563).

It is also clear from the record that complainant did not extend the credit in reliance upon the liability of any shareholder by reason of the by-law, but the credit was extended to the corporation as a corporation. 1 Mor. Priv. Corp. § 500; *Flint* v. *Pierce*, 99 Mass. 68 (96 Am. Dec. 691); 1 Beach, Priv. Corp. § 322.

It would be anomalous, indeed, if, under the head of "capitalization," the member is made liable only for the capital stock subscribed by him, but, under the head of annual dues, may be made liable for the entire indebtedness of the corporation. Complainant's counsel rely upon the case of *Omaha Law Library Ass'n* v. *Connell*, 55 Neb. 396 (75 N. W. 837); but we think that case, instead of favoring their position, is against it. Mr. Connell paid in full for his share of stock. The directors fixed the annual dues of members at $15. Mr. Connell denied their authority to require him to pay anything more after he had paid for his stock. The court held, while the board were not expressly authorized, in the articles of association, to provide for annual dues, they were by implication given that authority, and that Mr. Connell was liable for them. The court used this language:

"Now, what was the purpose for which this by-law in controversy was enacted? While this association is a *de jure* corporation, still it is not a corporation for trade or profit; it is not engaged in any commercial enterprise; but, as its charter declares, it is organized for the purpose of establishing and maintaining a law library for the use of its stockholders. It must have been apparent to the organizers of this corporation that, after it was organized, certain current expenses would have to be met; books would have to be purchased from time to time, to keep up the library; rent and taxes would have to be paid; there would be the expense of light and fuel, a janitor, and a librarian to be provided for; and, with these thoughts in mind, we think the promoters of this corporation, by its articles of association, authorized its board of directors to enact just such a by-law as the one in controversy, namely, one to meet the current expenses of maintaining the library."

There is no suggestion here that the board of directors, by means of a by-law, could make a shareholder liable for the debts of the company generally, though the case does hold that, by means of a by-law, the shareholder might be required to pay annual dues for the purpose of meeting the current expenses of the library association. It was for just such a purpose as this that the by-law in question was enacted, and it was given that interpretation by the directors and shareholders alike.

The decree is affirmed, with costs.

The other Justices concurred.