# Kaufman, Appellant, *v.* National Protective Legion.

*Beneficial associations—Benefits—Change of by-laws.*

1. Where a beneficial association agrees to pay a member after five years from the date of his certificate "an amount not exceeding $300 according to the laws of the order," and there is nothing in the constitution or by-laws, or in the member's contract fixing any stated or definite sum to which he would be entitled at the expiration of the five-year period, he cannot complain of a payment of $250 merely because the association during the running of the five years, amended its by-laws so as to change the method of apportionment so as to secure greater accuracy without, however, changing the contractual relations of the association and its members.

2. Where the laws of a beneficial association provide for the payment of a benefit after five years from the date of a member's certificate, and such time expires on January 1, of a particular year, the member cannot claim the benefit as apportioned for the year prior to January 1.

Argued Nov. 25, 1910. Appeal, No. 249, Oct. T., 1910, by plaintiff, from judgment of C. P. Bradford Co., Sept. Term, 1908, No. 204, for defendant on case tried by the court without a jury in suit of Joseph Kaufman v. The National Protective Legion. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for benefits.

FANNING, P. J., filed the following opinion:

At the close of the testimony by consent of counsel a juror was withdrawn, and the case left to the court, under the following agreement: "And now to wit, December 23d, 1909, it is agreed that trial by jury in the above case be waived, and that the testimony taken before the jury be submitted to the Hon. A. C. FANNING, President Judge of the said Court, for findings of fact, conclusions of law and judgment, saving however the right of appeal by either party." Subsequently the testimony was transcribed and the case argued orally July 11, 1910, followed by requests for findings of facts and law, and submission of briefs of argument, the last having been presented July 29, 1910.

### FINDINGS OF FACT

The defendant company was duly incorporated August 17, 1891, under art. VII of the insurance law of the state of New York, known as the "Fraternal Beneficiary Law," with its principal office and place of business at Waverly, New York. The society is also doing business in the state of Pennsylvania.

2. The plaintiff, a member of Legion No. 4 of the order, located at Towanda, Pa., made application January 24, 1903, for a certificate in class B, pursuant to which a benefit fund certificate, No. 76,733, bearing date of January 1, 1903, was regularly issued by defendant company, by which it was provided that Joseph Kaufman "is entitled to all the disability and death benefits of a membership in class B, and to participate in the funds of the order according to the laws governing said class. Upon satisfactory proof of the death of the member named' herein, together with the surrender of this certificate, provided that such member shall have in every particular complied with the laws of the order now in force, or that may hereafter be adopted, and has not obtained his membership by fraud or misrepresentation as to his age, family history, physical condition or occupation when admitted to membership, as shown by his application, which is

hereby made a part of this certificate, there shall be paid to Marks Kaufman, bearing the relation of father to the member written therein, an amount not exceeding Three hundred dollars, according to the laws of the order." Attached to this certificate were ten coupons maturing at intervals of five years from date. The first one to fall due, and for the collection of which this suit is brought, reads as follows: "Within (90) ninety days after 5 years from date of Certificate Number 76,733, of which this coupon forms a part, The National Protective Legion will make to the member whose name is written thereon a payment from its Benefit Fund in accordance with the laws of the order;" which at the time plaintiff's certificate was issued (constitution of 1901, art. 24, sec. 129) provided as follows: "During the month of January, in each year, the executive board shall meet and apportion to all the coupons maturing during that year such amounts as are warranted by the financial condition of the Order and the laws thereof and are deemed consistent with the principles of justice and equity in the best interests of the entire membership."

3. Later, to wit, in 1907, an amendment was adopted, of which the following is a copy: "During the month of January, in each year, the Executive Board shall meet, and after an accurate audit has been made of the affairs of the Order, and the correct surplus ascertained, shall apportion to holders of certificates in class B, issued the year five years previous thereto, such amounts by way of dividends as are determined by mathematical calculations to be due members holding such certificates.

"Such mathematical calculations to be arrived at by determination of excess accumulations arising from certificates in class B issued during the year five years previous to the maturity of the certificates upon which payment is to be made; provided, however, this section, as amended, shall not apply to any certificates in class B maturing a dividend prior to January 1st, 1908."

4. The executive committee of the company met Jan-

uary 10, 11 and 19, 1907, and passed the following resolution: "That the amount to be distributed to the class B members whose coupons shall mature during the year 1907 be fixed at the sum of $250 on full rate and $125 on half rate certificates, less the amount of disability, with interest."

5. January 30, 1908, the executive board of defendant company met and fixed and declared the amount to be paid to members of class B, whose coupons should mature during the year 1908 at $113.58, and made apportionment accordingly.

6. Plaintiff's benefit fund certificate matured January 1, 1908, payable within ninety days thereafter.

7. At the date of its maturity, January 1, 1908, no apportionment had been made to plaintiff's certificate.

8. Plaintiff paid all assessments and dues levied against him during the five year period, and thereby became entitled to the amount payable according to the laws governing class B.

9. Prior to the bringing of this suit, to wit, February 1, 1908, plaintiff was paid $80.35, which with a benefit of $30.00 on account of sickness, paid March 14, 1906, with interest thereon, amounts to $113.58, which defendant contends is the full amount to which he is entitled.

10. Plaintiff claims $186.42, with interest from March 31, 1908, being $300 less the credits above indicated.

## LEGAL DISCUSSION

The defendant company was incorporated under the laws of the state of New York. Plaintiff's certificate was issued and made payable at the home office in Waverly, N. Y. It was at first contended that the coupon upon which suit was brought in this case matured December 31, 1907. It is now conceded that under the laws of the state of New York, which must govern in the disposition of the questions involved, the coupon did not fall due until the following day, January 1, 1908, and that the apportionment made in the month of January, 1907, to all certif-

icates in class B, maturing that year, is not applicable to plaintiff's coupon.

The contention of the plaintiff is that his rights were fixed at the date of the maturity of the coupon upon which suit was brought; that he is in no way affected by the rate fixed January 30, 1908; that no apportionment to his claim has at any time been made; and that by reason of this omission there is due him the sum of $300 and interest, less payments.

In the determination of these questions consideration of the nature and extent of defendant's contract with plaintiff becomes important. The benefits provided by the certificate are divided into three classes: first, a mortuary, or death benefit; second, a disability benefit; and third, to the beneficiary at the expiration of five years, if in good standing, a payment from the benefit fund in accordance with the laws of the order.

The plaintiff's claim for $300 cannot be sustained.

There is nothing in the certificate or matured coupon which can be construed into an agreement to pay a specific, fixed sum at the expiration of the five year period. A payment, however, was agreed to be made at that time from its benefit fund "in accordance with the laws of the order."

The provisions of 1901 relating to the method of ascertainment and the amendment of 1907 are hereinbefore quoted (findings of fact, 5 and 6):

Whether the amount decreed to be distributed by the executive board, January 30, 1908, is applicable to certificates maturing January 1 of the same year is the pivotal question. That the board should meet in the month of January in each year and apportion the amount to be paid upon coupons maturing the same year was expressly provided by the laws of the order, in force in 1903. This was not changed by the amendment of 1907. Plaintiff's coupon matured in 1908. Apportionment was made at the time provided, and if valid in other respects, is applicable to plaintiff's certificate. No authorities of this or any

other state have been cited holding or indicating that an apportionment to which a beneficiary is entitled cannot be lawfully made after the maturity of his certificate.

The plaintiff as a member agreed to be governed by the constitution and by-laws of the order then existing, or that might thereafter be enacted. It is, however, most earnestly contended that the amendment of 1907 cannot affect plaintiff's certificate or contract made in 1903. A number of cases have been cited in support of this position, but in each there was a definite or ascertainable amount fixed by the contract, and it was held that the same could not be reduced or the rights of the beneficiary affected by subsequently enacted amendments to the by-laws.

In Hayes v. German Beneficial Union, 35 Pa. Superior Ct. 142, a beneficiary entered a class where the contract provided for the payment of $1,000 in ten years; and an amendment materially reducing the amount was held to be prospective only, and that the rights of the beneficiary were not affected thereby.

In Hale v. Equitable Aid Union, 168 Pa. 377, a fixed amount was agreed to be paid at the end of a certain period, and it was decided that the plaintiff was not subject to an amendment reducing the amount: Becker v. Berlin Beneficial Society, 144 Pa. 232; also Hipple v. Supreme Ruling of Fraternal Mystic Circle, 10 Pa. Dist. Rep. 317; Marshall v. Pilots' Association, 206 Pa. 182, and other cases are to the same effect. The principle fairly deducible from the authorities is that the power to make by-laws carries with it the authority to amend the same in conformity with the constitution and rules of the order, and such amendments, if reasonable, are binding; but where a member acquires special rights by his contract, or the by-laws as they stood at the time he became a member, these become fixed and cannot thereafter be changed to his prejudice except by consent. In Chambers v. Supreme Tent of Knights of Maccabees, 200 Pa. 244, the Supreme Court with reference to the subject under consideration

used the following language: "An association can enact alterations in the by-laws of a mere regulative kind, or which are not inconsistent with the fundamental scheme of the incorporation, but in the line of its original purpose, conducive to perfect equality of benefits and burdens, though they affect (without destroying) vested rights, so long as the alterations relate to the duties and rights springing from the contract of membership, and not from other purely contract relations; because, on all questions of the rights and duties incident to membership, every member, by his fundamental contract of membership pledges his assent in advance to every lawful rule adopted by the majority in furtherance of the common objects." So far as cited the decisions of the state of New York are in accord with our own. In Shipman v. Protected Home Circle of New York, 174 N. Y. 398, it was said, "under an express agreement by a member of a mutual benefit association to comply with 'all the laws, rules, regulations and requirements now in force and that may be hereafter enacted,' by-laws thereafter regularly adopted become retrospective as well as prospective in their operation, except as to the rights that have become fixed or vested by the terms of the original contract." This principle is also recognized in People v. Ancient Order United Workmen, 32 Misc. 528, and numerous other cases.

In the case at bar there was nothing in the constitution and by-laws or in the contract fixing any stated or definite sum to which plaintiff would be entitled at the expiration of the five year period. The status of the plaintiff had not been definitely fixed before the amendment; his rights were not vested until the maturity of his certificate. The amount of the benefit was determinable only by the audit of the executive board in the manner provided by the laws of the order. This was the method of ascertainment fixed and agreed upon by the society under the by-laws in force not only in 1901 but in 1907. The amendment does not, we think, materially alter the method of apportionment from that which obtained in 1903, and no change having

been made in the contractual relations of the parties the plaintiff, we think, is bound thereby.

After careful consideration we are of the opinion, and so find, as a conclusion of law that the plaintiff has not established in this proceeding his right to recover an amount in excess of that already paid. That the apportionment is disappointing to certificate holders in class B is clearly apparent, but this is a matter the court is powerless to remedy. If the executive board did not apportion to certificates in class B maturing in 1908, the amount to which they were entitled "consistent with the principles of justice and the best interests of the entire membership," the remedy was by other proceedings.

The questions involved in this suit have been recently decided by the supreme court of the state of New York in the case of Thomas Rich against this same defendant The National Protective Legion, where it was held by Justice GEORGE F. LYON that the plaintiff's coupon in class B did not mature during the year 1907, and that he was only entitled to the amount determined and decreed by the executive board in January, 1908.

In view of the fact that the contract in question was made in the state of New York and where, by its terms, it was to be carried out, we feel that the adjudication of the courts of that state, upon identically the same state of facts, should have great weight in the determination of the case at bar.

And now, September 12, 1910, judgment directed to be entered in favor of defendant, with costs.

*Error assigned* was in entering judgment for defendant on case stated.

*Rodney A. Mercur,* with him *David E. Kaufman,* for appellant, cited: Hayes v. German Beneficial Union, 35 Superior Ct. 142; Hale v. Equitable Aid Union, 168 Pa. 377; Hipple v. Supreme Ruling of Fraternal Mystic Circle, 10

Pa. Dist. Rep. 317; Becker v. Berlin Beneficial Society, 144 Pa. 232; Marshall v. Pilots' Assn., 206 Pa. 182.

*Wm. Maxwell,* with him *F. L. Howard,* for appellee, cited: Chambers v. Supreme Tent of Knights of Maccabees, 200 Pa. 244; Suckling v. Artisans' Order of Mutual Protection, 35 Pa. Superior Ct. 199; Marshall v. Pilots' Assn., 18 Pa. Superior Ct. 644; Becker v. Berlin Ben. Society, 144 Pa. 232; Marshall v. Pilots' Assn., 206 Pa. 182; Hipple v. Supreme Ruling of Fraternal Mystic Circle, 10 Pa. Dist. Rep. 317.

OPINION BY RICE, P. J., March 3, 1911:

It is quite clear that the defendant did not agree to pay the plaintiff a specific, fixed sum at the end of five years, as is alleged in the statement of claim. What it agreed to do was, that within ninety days after five years from the date of his certificate it would make to him a payment from its benefit fund "in accordance with the laws of the order." According to the laws of the order in force when the plaintiff became a member, it was the duty of the executive board to meet during the month of January in each year and apportion to all coupons maturing during that year such amounts as were warranted by the financial condition of the order and the laws thereof and were deemed consistent with the principles of justice and equity in the best interests of the entire membership. The amendment adopted in 1907 did not alter the laws of the association, so far as the authority of the executive board to make the annual apportionment or the time of making it were concerned; but the applicability of the apportionment made on January 30, 1908, is questioned by the plaintiff upon the ground that, under the certificate issued to him in 1903, he had vested contract rights which could not be affected lawfully by the amendment. The amendment, it is true, introduced new regulations, which were calculated and evidently intended to enable the executive board to ascertain more accurately the amount apportionable to each coupon;

but the argument of his counsel has not convinced us that it changed prejudicially to the plaintiff the principle upon which the apportionment was to be made. This question as to the validity and reasonableness of the amendment, and its applicability to coupons that matured subsequently, is so fully and satisfactorily considered in the opinion of the learned trial judge that we do not deem it necessary to add anything further in support of his conclusions upon the question, except to say that we all concur in them. Objection is also made on the ground that the plaintiff's coupon matured on January 1, 1908, and the apportionment was not made until January 30 of that year. But as the laws of the association, both before and after the amendment, contemplated an apportionment in January of each year to all of the coupons maturing during that year, this objection is not well founded. Upon no conceivable theory could the plaintiff recover the sum mentioned in the death benefit clause of the certificate, for that is payable only upon satisfactory proof of the holder's death, and then to another person. Again, as the coupon upon which suit was brought did not fall due until 1908, it is apparent that the plaintiff could not recover the sum apportioned in January, 1907, to members whose coupons matured in 1907. So that, even if it be conceded, which we do not concede, that the apportionment made in 1908 was for any reason inapplicable to the plaintiff, it would follow that the condition precedent to recovery by him has not been shown. In any view of the case judgment was properly entered for the defendant. But, as already intimated, we are of opinion that the view taken by the learned judge is the correct one.

All of the assignments of error are overruled, and the judgment is affirmed.