ENTERPRISE DITCH COMPANY ET AL. V. JOSEPH MOFFITT ET AL.

FILED JUNE 8, 1899. No. 8880.

1. **Corporations: Stock: Assessments.** In the absence of statutory authority or power given by the articles of incorporation there can be no assessment against or on "paid-up" stock of a corporation.

2. ———: ———: ———. The fully paid-up stock of a corporation is the personal property of the owner, and the articles of incorporation and laws of the state are elemental of the contract existing between the corporation and the owner of stock, and may not be so amended by legislative enactment as to make the paid-up stock subject to an assessment or general or specific assessments, and forfeitable, or subject to summary sale by the corporation, for the non-payment of such assessment.

ERROR from the district court of Scott's Bluff county. Tried below before GRIMES, J. *Affirmed.*

*J. H. Broady* and *F. H. Bentley,* for plaintiffs in error.

References: *Commonwealth v. Dilwiler,* 131 Pa. St. 614; *Pfister v. Gering,* 122 Ind. 567; *Kent v. Quicksilver Mining Co.,* 78 N. Y. 179; *Hale v Sanborn,* 16 Neb. 1.

*F. A. Wright* and *C. C. Wright,* contra.

References: *Atlantic Delaine Co. v. Mason,* 5 R. I. 463; *In re Long Island R. Co.,* 19 Wend. [N. Y.] 37; *Bergman v. St. Paul Mutual Building Ass'n,* 29 Minn. 275; *Trustees v.*

*Flint*, 13 Met. [Mass.] 539; *Reid v. Eatonton Mfg. Co.*, 40 Ga. 98; *Great Falls R. Co. v. Copp*, 38 N. H. 134; *Hervey's Island R. Co. v. Bolton*, 48 Me. 451; *Anglo-Californian Bank v. Granger's Bank*, 63 Cal. 359; *Driscoll v. West Bradley & Cary Mfg. Co.*, 59 N. Y. 96; *State v. Morristown Fair Ass'n*, 31 Zabr. [N. J.] 195; *People v. Detroil & P. R. Co.*, 1 Mich. 458; *Williams v. Lowe*, 4 Neb. 382; *Paxton & Hershey Irrigating Co. v Farmers & Merchants Irrigation Co.*, 45 Neb. 884; *Lincoln Shoe Mfg. Co. v. Sheldon*, 44 Neb. 279.

HARRISON, C. J.

Six actions were commenced in the district court of Scott's Bluff county, in each of which it was sought to enjoin the sale by the Enterprise Ditch Company, a corporation, of some shares of fully "paid-up" corporate stock owned by the plaintiff in the suit because of the non-payment, by the holder, of certain assessments against said stock. The six suits were by stipulation consolidated and tried as one. Injunctions were allowed, and from the decrees appeals have been perfected for the ditch company, and the one decision here is to be applicable in all the cases. It was alleged in the petition, and admitted, "that the Enterprise Ditch Company was duly organized as a corporation under the laws of the state of Nebraska on or about the 7th day of March, 1889, and ever since has been a corporation under the laws of the state of Nebraska and doing business in Scott's Bluff county, Nebraska." A copy of the articles of incorporation was attached to each petition. Article 3 reads: "The general nature of the business to be transacted is to acquire, construct, operate, and maintain a canal taking water from the North Platte river, in said county and state, and diverting and appropriating water from said river sufficient to fill their said ditch at all times as may be necessary for the use of persons taking water therefrom and conducting through their said canal, and renting, leasing, selling, and otherwise disposing of water, water rights, or stock in said ditch to persons owning

lands under said ditch, or to any other person or persons, in the discretion of the board of directors or trustees, for the purpose of irrigation, milling, manufacturing, domestic, or other as may be necessary to fully carry out the business for which the same is organized." The provision in relation to by-laws is as follows: "The duties of all officers shall be prescribed by the by-laws of said corporation. And the board of trustees shall have authority to adopt such prudential by-laws as they shall deem proper and expedient for the management of the affairs of said corporation, and not inconsistent with the laws of the state of Nebraska, for the purpose of carrying on the business within the objects and purposes of this corporation."

By statute it is provided: "Every corporation, as such, has power * * * to make by-laws, not inconsistent with any existing law for the management of its affairs." (Compiled Statutes, 1897, ch. 16, sec. 124.) In the by-laws adopted by the ditch company it is provided that "the board of directors shall exercise a general supervision over the affairs of the company. * * * The board shall hold regular quarterly meetings, the first Tuesday in December, March, June, and September." "The board of directors shall at their first quarterly meeting make an estimate of the total cost of maintenance and levy an assessment for such an amount, subject to the call of the board of directors from time to time as the same shall be needed." It is further provided: "For non-payment of dues on any cash assessment. When any stockholder shall be in default of payment of any installment of assessment upon his stock, pursuant to any levy or assessment of the board of directors or trustees, for the period of thirty days after personal notice thereof or request to pay the same by the secretary, or after written or printed notice thereof or request to pay the same by the secretary, or after written or printed notice and demand therefor has been deposited in the post office properly addressed to such delinquent stockholder, the board of directors

may, at any meeting, order that the shares of stock held by such delinquent stockholder, and all the right or interest of such stockholder therein, be sold by the president of the company at public auction, or at some certain time and place to be designated in such order, to the highest bidder for cash; provided, however, that notice of the time and place of such sale shall be published in some general newspaper in Scott's Bluff county, Nebraska, for four consecutive weeks just prior to such sale, proof of which publication shall be the affidavit of the publisher or foreman of such paper. Further, that the proceeds of such sale, over and above the amount due on such shares and all expenses incidental to such sale, shall be paid to such delinquent stockholder, and the treasurer of this company may, for the company, purchase the said shares at said sale for an amount not exceeding what shall be due from such stockholder to the company, or, instead of the sale mentioned, the board of directors may, after like notice to the delinquent stockholder, make an order that at a certain time and place the stock of such delinquent shall be canceled at such time and place mentioned in the said order. If said delinquent fail to pay the same, then it shall be lawful for the said board of directors to declare the same canceled, and from that date the said stock shall be subject to subscription and sale the same as though it had never been sold, and all money paid thereon shall be forfeited and absolutely belong to the company." The action taken at the meeting on January 27, 1894, according to the record introduced, was as follows: "Motion by Wright that a cash levy of $6.50 per share be made upon the stock of the company, including the additional stock due and to be issued for work done in enlarging the canal; that $4 per share of said assessment be declared due in thirty days after notice to stockholders, the balance of said assessment to be subject to the call of the directors of the company." November 16, 1894: "Moved and seconded that a special levy of $1.50 per share on the capital stock of the company be made to

complete this enlargement. Carried." And on April 13, 1895: "On motion, it was decided to make a cash assessment of $4.50 per share for maintenance for the present year, $2 of the same to be paid before the delivery of water; balance to be paid when the board demanded same. Before water is delivered, approved security to be given for the payment of the same; also all back dues to be paid before water is delivered." At a meeting on October 19, 1895, it appears: "It was moved and seconded that we advertise the delinquent stock, or any stock not paid up on assessments, there being in default the following stock certificates: Nos. 125, 142, 178, 191, 116, 130, 143, 144, 135, 176, 142, 49, 88, were ordered advertised and sold." Notice was published and sale of the shares of stock would have ensued had it not been enjoined.

There was no statutory authority to assess stock of which the amount had been fully paid, neither did the articles of incorporation confer any express power so to do. In the absence of authorization by either, the directors could not enact a by-law by which provision was made for such assessments, and especially not to be enforced by a sale or practical forfeiture of stock. (*Omaha Library Ass'n v. Connell*, 55 Neb. 396; *Atlantic Delaine Co. v. Mason*, 5 R. I. 463; 2 Beach, Private Corporations, sec. 590; Cook, Stock & Stockholders, sec. 241, 242; Thompson, Corporations, secs. 1037, 1038; *Rosenback v. Salt Springs Nat. Bank*, 53 Barb. [N. Y.] 495; *In re Long Island R. Co.*, 19 Wend. [N. Y.] 37; *State v. Morristown Fire Ass'n*, 3 Zabr. [N. J.] 195; *Williams v. Lowe*, 4 Neb. 382.)

A short time prior to the last assessment to which we have referred a legislative enactment of 1895 had become of effect, sections 66 and 67 of which were as follows:

"Sec. 66. Any corporation or association organized under the laws of this state for the purpose of constructing and operating canals, reservoirs or other works for irrigation purposes, and deriving no revenue from the operation of such canal, reservoir or works, shall be termed a mutual irrigation company, and any by-laws adopted by

such company prior to or after the passage of this act, not in conflict herewith, shall be deemed lawful and so recognized by the courts of this state; Provided, such by-laws do not impair the rights of one shareholder over another.

"Sec. 67. Any corporation or association organized under the laws of this state for the purpose of constructing or operating canals, reservoirs or other works for irrigation purposes may through its board of directors or trustees assess the shares, stock, or interest of the stockholders thereof for the purposes of obtaining funds to defray the necessary running expenses of such corporation or association. Any assessments levied under the provisions of this section shall become and be a lien upon the stock or interest so assessed, such assessment shall become delinquent at the expiration of 60 days if not paid, and the said stock or interest may be sold at public sale to satisfy said lien. Notice of such sale shall be given in some newspaper published and of general circulation in the county where the office of the company is located, the said notice to be published for four consecutive weeks prior to. date of sale, upon the date mentioned in the advertisement, or at such time to which the sale has been adjourned, the said stock, or interest or so [much] thereof as may be necessary to satisfy said lien and costs of advertisements and sale, shall be sold to the highest bidder for cash." (Compiled Statutes, ch. 93a, art. 2, secs. 66, 67.)

The paid share or shares of stock were the personal property of any individual owner, and a contract, which embodied the articles of incorporation and the pertinent laws of the state, existed to which the shareholder was a party. Without a discussion or notice of some other branches of the argument and subject it must be said that the legislature could not so change these accrued, contractual, and property rights as to allow an assessment against the "paid-up" stock, and its forfeiture or sale for the non-payment. This would involve too violent an invasion of property and contract rights. (1 Cook, Stock

& Stockholders, sec. 50; *Lincoln Shoe Mfg. Co. v. Sheldon,* 44 Neb. 279; *City of Detroit v. Detroit & Howell Plank Road Co.,* 5 N. W. Rep. [Mich.] 279; Beach, Private Corporations, secs, 40, 41.

It follows that the decree will be

AFFIRMED.