MIRAGE IRRIGATION COMPANY, APPELLEE, V. ELMER E. STURGEON, APPELLANT.

FILED SEPTEMBER 21, 1906.    No. 14,422.

1. Evidence examined, and *held* sufficient to sustain the judgment.

2. Case Distinguished. *Enterprise Ditch Co. v. Moffitt*, 58 Neb. 642, examined and distinguished.

APPEAL from the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*C. Patterson* and *A. W. Crites,* for appellant.

*W. W. Wood, contra.*

OLDHAM, C.

This is a controversy between the plaintiff, a corporation organized under the laws of Nebraska for the purpose of constructing and operating an irrigation canal in Sheridan and Dawes counties, and the defendant, who is a stockholder and director in the corporation. In December, 1900, the plaintiff was in debt for construction work on its canal in the sum of $2,643 and without funds to meet the indebtedness, and on the 29th day of that month, at a regular meeting of the board of directors, an assessment of 10 per cent. on the face value of all the stock was

levied by the board of directors. The defendant was a member of the board and participated in the meeting which made the levy. The stock seems to have been fully paid up at the time this additional levy was made, and defendant was the owner of 35 shares of the capital stock. His certificate of stock, at the time of the purchase, contained the following recital: "This certificate of stock is issued and accepted on the further condition indorsed on the back of this certificate." And on the back of the certificate was the following indorsement: "This stock is subject to assessment over and above its par value, for maintenance of the canal, and may be sold for all delinquent assessments so levied." When this assessment was made, defendant had a claim against the corporation for $150 for construction work on the canal. The assessment of 10 per cent. on his stock was charged against him on the books of the company in the sum of $356.13, and he was given credit for the $150 due him for his work. On April 27, 1901, at a session of the board of directors, at which defendant was present, it was agreed between plaintiff and defendant that his assessment should be paid by the $150 due him on the books and his agreement to pay the balance of $206.13 on a note, which had been given by the plaintiff to one Thomas Cuff, and which was then in the hands of DeLoss Barber for collection. Under this agreement defendant was credited for the full amount of his assessment on the books of the company and gave the following receipt to plaintiff: "Hay Springs, Neb., Apr. 27, 1901. Rec'd of Mirage Irrigation Co. Two Hundred Six & 13-100 Dollars to be credited on Cuff note. $206.13. (Signed) E. E. Sturgeon." After the execution and delivery of this receipt, defendant refused and neglected to make any payment on the Cuff note, and the company was compelled to pay it in full. It thereupon brought the case at bar in the county court of Sheridan county to recover from defendant the $206.13 and interest. The case was tried in the county court, and taken by appeal to the district court for Sheridan county, where

a jury was waived and trial had to the court, which resulted in a judgment for the plaintiff. To reverse this judgment defendant has appealed to this court.

. Defendant's sole contention is that the assessment on the paid-up capital stock was absolutely void, and that his agreement to settle the same with the board of directors was a mere *nudum pactum*. The general rule is that a corporation cannot levy an assessment upon the holders of fully paid-up stock, unless the power to do so is conferred by the charter, or articles of association, or a valid statute, or by consent of the stockholders or members. 2 Clark and Marshall, Private Corporations, sec. 402. In the case at bar the assessment was made by consent of all the directors present, defendant being one of them, and was done in conformity with the provisions contained in the stock certificates at the time they were purchased by the defendant. The case of *Enterprise Ditch Co. v. Moffitt*, 58 Neb. 642, relied upon by defendant, is not in conflict with the conclusion about to be reached, because in that case there was no by-law or provision of the articles of incorporation at the time the stock was issued and purchased which provided for a levy on the fully paid-up capital stock. And it was properly held in that case that a retroactive by-law of this nature could not be passed which would operate on stock issued before its enactment. The facts in the case at bar clearly take it without the rule in that case.

We are therefore of opinion that the evidence is sufficient to sustain the judgment of the trial court, and we recommend that its judgment be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.