## CENTRAL WISCONSIN TRUST CO. v. BARTER et al.

### (Circuit Court of Appeals, Seventh Circuit. January 2, 1912.)

### No. 1,802.

STATUTES (§§ 72, 80*)—STOCKHOLDERS—ADDITIONAL LIABILITY—ARTICLES OF INCORPORATION—AMENDMENT.

St. Wis. 1898, § 1771, authorizes organization of corporations for a number of enumerated purposes, and then adds, "or for any lawful business or purpose whatever, whether similar to the purposes herein mentioned or not," except banking and certain other specified purposes. Section 1772 declares generally what the articles of incorporation shall contain, relating entirely to corporate functions, and then provides that they may contain such other provisions, not inconsistent with law, as the incorporators deem proper to be therein inserted for the interest of the corporation or for the accomplishment of the purposes thereof, including the duration of its existence. Const. art. 4, § 31, prohibits the enactment of special or private laws for enumerated purposes, including the granting of corporate powers or privileges, except to cities; and section 32 requires the enactment of general laws for the transaction of any business thus prohibited by section 31, and requires that such laws shall be uniform in their operation throughout the state. *Held*, that where a corporation, organized for pecuniary profit, adopted articles imposing no additional stockholders' liability, section 1772 could not be construed to authorize the corporation by an amendment of its articles to make the common stockholders liable for a 100 per cent. assessment, since so to construe the section would be to render it in violation of the constitutional provision requiring uniformity of corporate powers and privileges.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 73, 74, 75, 86–89; Dec. Dig. §§ 72, 80.*]

Appeal from the Circuit Court of the United States for the Western District of Wisconsin.

Suit in equity by Harold Harris against the Northern Blue Grass Land Company. On petition for an order directing a receiver of de-

fendant to issue an assessment on the holders of defendant's common stock, to pay into court the par value of the stock held by them. From an order denying such application and dismissing the petition (185 Fed. 192), the Central Wisconsin Trust Company, as receiver of defendant corporation, appeals. Affirmed.

The appellant, Central Wisconsin Trust Company, is receiver of the Northern Blue Grass Land Company, an insolvent Wisconsin corporation, appointed by the Circuit Court under a bill filed therein against that corporation, in an interlocutory decree; and this appeal is from an order of such court dismissing upon the merits the receiver's petition for "an assessment of one hundred per cent. upon all of the common stock of said defendant corporation." Under citation to show cause why such assessment should not be ordered, the appellees appeared as stockholders, and motion was made on their behalf "to dismiss said petition," resulting in the order appealed from, on final hearing thereof. Harris v. Northern Blue Grass Land Co. (C. C.) 185 Fed. 192.

The petition avers that the corporation was organized in July, 1906, under the laws of Wisconsin, with a capital stock of $500,000, whereof "more than fifty per cent." was subscribed and "more than twenty per cent." was paid in, before the corporation "entered upon any business operation"; that there was now "outstanding and issued" stock thereof "of the face value of $344,666.67"; that claims of creditors have been filed amounting to $404,006.-40 and about $70,000 of additional claims are to be filed; that claims in excess of $150,000 are held by other creditors, not filed because such creditors prefer "to hold the securities which are in their possession as collateral security"; that the assets of the corporation "consist almost wholly of equities in certain securities or property pledged" for its obligations, and the value of its equities therein does not exceed $75,000; that the valid indebtedness exceeds the assets "not less than $250,000." It further avers that the stockholders of the corporation adopted amendments to the articles of incorporation in 1908, at a meeting thereof duly called, at which all of the stock "was duly and regularly represented," and that one of such amendments—thereafter duly filed as required by law—provides:

"Art. 2. The capital stock of said corporation shall be $500,000, divided into 5,000 shares of $100 each. Of said capital stock 500 shares amounting to $50,000 shall be preferred stock and 4,500 shares amounting to $450,000 shall be common stock. The preferred and the common stock shall be issued from time to time as may be determined by the board of directors, and in such proportion as such board shall deem best.

"The holders of said preferred stock shall be entitled to receive from the surplus of net profits of said company for each fiscal year a dividend at the rate of seven per cent. per annum, payable annually before any dividend shall be set apart and paid to the holders of the common stock of said company for such year, it being the intention that the common stock shall receive dividends at the same rate after such dividend on preferred stock has been paid, after which all funds set aside for dividends are to be divided equally between the two classes.

"The common stock of said company, though paid for in full, shall be assessable to the extent of one hundred per cent. thereof and each stockholder of the common stock of said company shall be personally liable to the amount of stock held or owned by him for all the debts, obligations and liabilities of said company, and such assessments and liabilities of said common stockholders shall be enforced to such extent and in such manner and at such times as the board of directors of said company shall deem fit and proper."

The petition further avers that the stock ledger of the corporation shows the names and addresses of holders of its common stock, "together with the date of issuance of the stock to such persons" and the number of shares held by each, as exhibited in a list annexed to the petition; and all certificates there noted bear date subsequent to the date of the above amendment, except one instance of 100 shares. A number of these stockholders are specified in the petition as insolvent, and it is averred that an assessment of

100 per cent. is necessary to meet the liabilities of the corporation and ex·penses of administration.

S. T. Swansen, for appellant.

McNeil V. Seymour and L. K. Luse, for appellees.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

SEAMAN, Circuit Judge (after stating the facts as above). This appeal from an order dismissing the appellant's petition for an assessment against the stockholders of an insolvent corporation presents a novel plan for charging such personal liability for corporate indebtedness, under the Wisconsin statute providing for incorporation for general business purposes, notwithstanding the fact that the stock is "paid for in full." The contention is, in substance, that such double liability may be imposed, within the general terms of the statute, (a) either by provision in the original articles of incorporation, or (b) by subsequent amendment adopted by stockholders of the corporation; and that such liability was created in the case at bar, by an amendment so adopted nearly two years after the corporation was organized and engaged in business, and more than eighteen months prior to the filing of the present bill. It is not averred in the petition when or in what manner the corporate indebtedness arose—greatly in excess both of its property assets and of the entire issue of common stock—nor whether it arose before or after the present holders of common stock became owners thereof, so that no question of personal liability is presented, by contract or otherwise, unless the above-mentioned amendment creates such liability, per se, against every purchaser and holder of the stock. Thus narrowed, without plain statutory authority therefor, it is unquestionable that provision in the articles to that end by the alleged amendment cannot be upheld.

The several provisions of the Wisconsin statute, applicable to the incorporation in question (sections 1772 and 1774, c. 86, Wis. Stat. 1898) are completely set forth in the opinion of Judge Sanborn, as filed below and reported under the title of Harris v. Northern Blue Grass Land Co. (C. C.) 185 Fed. 192, and reference thereto is sufficient for the purposes of this opinion, with the remark that section 1774 authorizes amendment of the articles, "by a vote of at least the owners of two-thirds of all the stock then outstanding," to "provide anything which might have been originally provided in such articles." An amendment of the Constitution of Wisconsin (adopted in 1871), in section 31, art. 4, prohibits the enactment of "special or private laws" for various enumerated purposes, including, "7. For granting corporate powers or privileges, except to cities"—municipalities being included thereunder by a subsequent amendment—and in section 32 requires the enactment of general laws "for the transaction of any business" thus prohibited by section 31, and that "such laws shall be uniform in their operation throughout the state." So, no special charter "powers or privileges" are authorized, for incorporations under the above-mentioned general laws and their general provisions must be interpreted in conformity with this constitutional requirement, if otherwise uncertain.

The purposes for which these general corporations may be organized are stated in section 1771—with the business of banking and other special purposes provided for in other sections and chapters excepted therefrom—and it is not contended that any provision applicable to the incorporation in question authorizes, in express terms, assessment of stockholders or charge of personal liability, for general indebtedness of the corporation, as attempted by the amendment referred to. Section 1772 prescribes the subject-matter of the articles for incorporation, concluding as follows:

"7. Such other provisions or articles, if any, not inconsistent with law, as they may deem proper to be therein inserted for the interests of such corporation or the accomplishment of the purposes thereof, including, if desired, the duration of its existence."

And these general terms are relied upon for support of the amendment to the articles. Two other statutory provisions are cited in the argument as recognitions that such personal liability "is not contrary to public policy": (1) Section 1769, providing that stockholders shall be liable for certain debts to corporate employés; and (2) section 2024, providing double liability thereof in banking and trust corporations. But both are plainly marked exceptions from the general rule, lending no force to the contention.

The nonliability of stockholders for the debts of the corporation except to make good unpaid subscriptions for their shares, is the established rule, both at common law and in the American states; and the attempted departure therefrom, in the instant case, cannot be upheld without "provisions of positive law" for its support. Gray v. Coffin, 9 Cush. (Mass.) 192, 199; 3 Thomp. Con. on Law of Corp. § 2925; Cook on Stock & Corp. Law, § 242.

Interpretation of the above-mentioned provision to that end is not only without sanction under any Wisconsin decision cited, but would, as we believe, depart from the uniformity of corporate "powers and privileges" intended by the statute, within the constitutional requirement, and thus be unauthorized.

We are of opinion, therefore, that the provisions of the statute were rightly construed by the trial court, and that the alleged amendment affords no ground for an assessment against the appellees, as sought under the petition. The order of the Circuit Court, accordingly, is affirmed.