(For former opinion, see 87 Or. 423.)

# FIRST NAT. BANK v. MULTNOMAH STATE BANK.

(173 Pac. 462.)

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2.

On petition for rehearing. Denied.

*Mr. Charles A. Johns* and *Mr. Sidney J. Graham,* for the petition.

*Messrs. Carey & Kerr* and *Mr. Omar C. Spencer,* contra.

McCAMANT, J.—In a closely reasoned petition for a rehearing counsel for defendant argues that the act of 1913 is applicable to Multnomah State Bank although this corporation was organized April 1, 1911. It is true, as contended, that there is a distinction be-

tween a statute imposing a new personal liability on a stockholder and one authorizing assessments on stock enforceable only by sale of the stock. The rule sustained by the weight of authority makes statutes of the latter type inapplicable to corporations organized prior to their enactment.

In 1 Cook on Corporations (7 ed.), Section 242, page 689, it is said:

"A statute which authorizes an additional assessment upon existing paid-up stock is unconstitutional."

In 4 Thompson on Corporations (2 ed.), Section 4816, the author says:

"It may be laid down as a rule that a statute authorizing assessments to be made on existing full paid stock in unconstitutional and void as to existing stockholders."

In 2 Clark and Marshall on Corporations, 404, the rule is stated thus:

"When neither the statutes of the state nor the charter or articles of association of a corporation, at the time persons become stockholders or members thereof, permit the corporation to levy assessments upon them over and above the amount of their shares or the amount agreed to be paid, as the case may be, the legislature cannot afterwards confer the power to levy such assessments, as against a dissenting stockholder or member, unless the power to alter, amend or repeal the charter has been reserved, for such a statute would be unconstitutional as impairing the obligation of his contract with the corporation."

In 1 Purdy's Beach on Private Corporations, 174, it is said:

"A statute authorizing additional assessment on paid-up stock is unconstitutional."

In *Enterprise Ditch Co.* v. *Moffitt,* 58 Neb. 642 (79 N. W. 560, 76 Am. St. Rep. 122, 45 L. R. A. 647, 654), Mr. Chief Justice HARRISON says:

"The paid share or shares of stock were the personal property of any individual owner, and a contract which embodied the articles of incorporation and the pertinent laws of the State existed to which the shareholder was a party. * * The legislature could not so change these accrued, contractual and property rights as to allow an assessment against the paid-up stock, and its forfeiture or sale for the nonpayment. This would involve too violent an invasion of property and contract rights."

These principles are also sustained by the well-reasoned opinion of Mr. Justice STRAUP in *Garey* v. *St. Joe Mining Co.,* 32 Utah, 497 (91 Pac. 369, 12 L. R. A. (N. S.) 554). Defendant relies largely on *Corbin Banking Co.* v. *Mitchell,* 141 Ky. 172 (132 S. W. 426, 31 L. R. A. (N. S.) 446), and *Wall* v. *Basin Mining Co.,* 16 Idaho, 313 (101 Pac. 733, 22 L. R. A. (N. S.) 1013). In neither of these cases were the assessments based on statutes enacted subsequent to the incorporation of the companies on whose stock the assessments were levied. In the Idaho case the statute was enacted in 1891 and it is inferable from the opinion that the corporation was organized in 1903.

At the date of this assessment it is probable that this stock had little or no value, but whether it was worth much, little or nothing, it belonged to Rostad and plaintiff held it in pledge. These parties could not be deprived of their property through an assessment authorized only by the act of 1913. The corporation was organized in 1911 and the contract rights of stockholders with the corporation were fixed by the law as it stood at that time. These rights could not be impaired by a later statute.

We are satisfied of the soundness of the former opinion and the petition for a rehearing is denied.

REVERSED AND DECREE RENDERED.

REHEARING DENIED.

McBRIDE, C. J., and MOORE and BEAN, JJ., concur.