MARY SCHUETH ET AL., APPELLEES, v. FARMERS UNION MILLING & GRAIN COMPANY, APPELLANT.

FILED OCTOBER 6, 1927. No. 25180.

*Joseph E. Daly*, for appellant.

*J. C. Cook, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, THOMPSON and EBERLY, JJ.

DAY, J.

Mary Schueth and Charles M. Schueth brought this action against the Farmers Union Milling & Grain Company, a cooperative corporation, to recover a balance claimed to be due upon a promissory note for $10,000 executed by the defendant on February 15, 1922. The note was payable to Mary Schueth or Charles M. Schueth on demand and drew interest at 8 per cent. from date. It was alleged in the petition that on April 11, 1923, $800 was paid upon the note, paying the interest thereon up to February 15, 1923. It was further alleged that the plaintiffs were indebted to the defendant for merchandise purchased in the sum of $604.35, which was a proper sum to be credited upon the note. The answer of the defendant admitted the execution of the note, the payment of $800 interest thereon, and the indebtedness of the plaintiffs for merchandise purchased. The defendant also claimed a further indebtedness for merchandise, owing by plaintiffs, which was not sustained by defendant's evidence. The defendant, by way of set-off, pleaded that plaintiff Charles M. Schueth was the owner of 19 shares of stock in the defendant company; that an assess-

ment had been duly made in February, 1921, against the shares of stock, amounting to $12 a share; that a further assessment was duly made on January 29, 1923, of $97.93 a share; that the total amount of the assessments made against the shares of stock of plaintiff Charles M. Schueth, with interest, amounted to $3,177.59, leaving a balance due and owing by the defendant to the plaintiffs of $7,629.01, which defendant tendered to plaintiffs, and which they refused to accept in settlement of the amount due upon the note. While there was some controversy over a part of the items of account for merchandise between the plaintiffs and defendant, the real controversy presented by the pleadings arises upon the assessments made by the defendant upon the shares of stock owned by Charles M. Schueth. At the close of the testimony the trial court determined that the defendant had no lawful right to assess the stock held by Charles M. Schueth, and after deducting the amount of interest paid on the note by the defendant, and the amount of merchandise purchased by the plaintiffs as shown by defendant's testimony, directed a verdict for the plaintiffs in the sum of $11,545.92, upon which judgment was rendered. From this judgment defendant appeals.

The failure of the trial court to allow the defendant the amount of the assessments as a set-off against the note is the principal error complained of.

It appears that in 1914 the defendant was organized as a cooperative corporation under the laws of the state pertaining to corporations of that character. On March 16, 1914, Charles M. Schueth became the owner of ten shares of stock in the corporation, paying for the same $1,000, the full face value thereof, and certificate No. 48 was issued to him therefor. The certificate contained a recital as follows: "Nonassessable. Not transferrable while holder is indebted to above named company." On February 25, 1915, Schueth became the owner of seven shares of stock, paying full face value therefor, and certificate No. 108 was issued to him, containing the same nonassessable clause. On February 14, 1921, Schueth became the owner of two shares of stock,

paying therefor $200, and certificate No. 244 was issued to him. In this last certificate a red ink line was run through the nonassessable clause. Why this was done does not appear in the record.

It was the contention of plaintiffs that there was no authority in law, in the articles of incorporation, or in the by-laws, which authorized the directors, or a majority of the stockholders, to levy an assessment upon the shares of stock issued by the corporation.

While the record is not entirely clear as to the assessment of $12 a share made in February, 1921, we think it a fair inference that the board of directors made the assessment, which was ratified by the holders of a majority of the stock at a subsequent stockholders' meeting. The second assessment, made January 29, 1923, was first recommended by the board of directors, of which plaintiff Charles M. Schueth was a member. Later, at a stockholders' meeting this resolution was approved, the vote being 248 for and 54 against the assessment. The total number of outstanding shares of stock at the time was 433. The record fails to show how Schueth voted at the stockholders' meeting.

There is nothing in our statute relating to corporations of this character, or in the articles of incorporation or by-laws, which would authorize an assessment upon fully paid shares of stock. The general rule is that, unless the corporate charter or the statute provides otherwise, a stockholder, the full par value of whose stock has been paid in, is not liable and cannot be made to pay any sum in addition thereto, as an assessment against his stock. This general rule was recognized in *Enterprise Ditch Co. v. Moffitt*, 58 Neb. 642, wherein it is held: "In the absence of statutory authority or power given by the articles of incorporation there can be no assessment against or on 'paid-up' stock of a corporation." This rule has never been modified in this state.

The defendant cites, and relies on, *Mirage Irrigation Co. v. Sturgeon*, 77 Neb. 175. In that case, however, there was an indorsement upon the stock as follows: "This stock

is subject to assessment over and above its par value, for maintenance of the canal, and may be sold for all delinquent assessments so levied." This recital indorsed on the shares of stock clearly authorized the assessment in that case, and it was held to be valid. Thus, the *Enterprise Ditch Company* case and the *Mirage Irrigation* case are easily distinguishable. The mere fact that a red ink line is run through the clause "nonassessable," as affecting the two shares of stock, in and of itself will not authorize the levy of an assessment. The authority to make the assessment must appear either in the law, the charter, the by-laws, or by contract.

Defendant argues that it would be manifestly unfair for plaintiff Schueth to avail himself of the benefits of an assessment paid by other stockholders, and at the same time refuse to pay the assessment against his own stock. We fail to find anything in the record which sustains the contention that any stockholder paid any part of the second assessment. There is some proof from which an inference might be drawn that some payments were made on the first assessment.

As to the first assessment, Schueth claims the cause of action is barred by the statute of limitations. This seems to be borne out by the record.

Assuming, but not deciding, that the by-laws were sufficient to authorize penalties upon stockholders, and give the corporation liens upon the stock for amounts owing to the company by the stockholders, such fact would not create personal obligations against the stockholders. It would merely give a lien upon the stock in favor of the corporation which could be enforced only against the stock itself.

Upon a review of the entire record, we are of the view that the trial court was correct in denying the set-off claimed by the defendant for alleged assessments upon Schueth's shares of stock.

We have been unable to reconcile the amount of the judgment with our computations, but the amount is substantially correct and will not be disturbed. The facts in this case, we

think, bring it clearly within the principle announced in *Enterprise Ditch Co. v. Moffitt, supra.*

No error appearing in the record, the judgment of the trial court is

AFFIRMED.