Good, Receiver, Respondent, vs. Starker, Appellant.

*March 9—April 5, 1932.*

For the appellant there was a brief by *Bagley, Spohn, Ross & Stevens* of Madison, and oral argument by *Myron Stevens*.

For the respondent there were briefs by *James E. Trask* and *Oscar Hallam,* both of St. Paul, Minnesota, and *N. O. Varnum* of Hudson, and oral argument by *Mr. Trask*.

FOWLER, J.   Appellant contends (1) that the incorporators of a corporation do not have power to create a superadded liability of stockholders in the absence of a statute of the state in which the corporation is organized authorizing such creation, and that as there is no such statute in South Dakota, the provision of said paragraph VI of the articles does not create such liability; (2) that the conclusion or adjudication of the court in the sequestration proceedings that the superadded liability art. VI purports to impose is a contractual obligation and that each stockholder is liable thereon, is erroneous and not binding upon the defendant; (3) that if the superadded liability exists, the receiver is

not empowered to sue because the liability is not an asset of the corporation; and (4) that if the liability exists and is a corporate asset, title thereto is not vested in the receiver and he is for that reason without power to sue in this state.

A companion case was brought in the federal court in the Western district of Wisconsin and the circuit court of appeals affirmed an order overruling the demurrer. *Good v. Derr*, 46 Fed. (2d) 411. The supreme court of the United States refused a writ of *certiorari* to review that decision. 283 U. S. 849, 51 Sup. Ct. 495. The respondent contends that a federal question is involved, and that we are bound under the full-faith-and-credit clause of the constitution of the United States by that decision. We are of opinion that our decision may better rest upon other grounds and do not consider that question.

(1) To us it seems fundamental that, regardless of statutory authority therefor, the stockholders of a corporation may agree to be liable for the superadded liability that the terms of art. VI of the corporate articles impose, and that when the articles themselves provide for that liability every holder of the stock agrees to it, actually or presumably, and that he thereby becomes bound to respond as he has agreed. This makes the provision a contractual obligation. If a statute prohibited such an obligation, of course that would defeat it, but as there is none such the obligation is lawfully imposed.

That articles of incorporation may impose a superadded liability on the holders of paid-up corporate stock inferentially appears from *Wells v. Green Bay & M. C. Co.* 90 Wis. 442, 453, 64 N. W. 69. This inferentially also appears from statements in 7 Fletcher, Cyc. Corporations, p. 7523, where it is stated that such liability may be imposed by a statute in force at the time of the incorporation *or by charter provisions.* 6 Thompson, Corporations, p. 721, and 1 Cook,

Corporations, p. 671, are inferentially to the same effect where it is said that such obligation may not be imposed unless authorized by statute *or charter provision* or express agreement binding on all stockholders. The cases there cited, however, with few exceptions, show that a statute either imposed the obligation or authorized its imposition by articles or by-law. But in the following cases, involving ordinary corporations organized for conducting business for profit, it is expressly held that the obligation may be imposed by articles of incorporation: *Melville v. Rhodes,* 136 Wash. 220, 239 Pac. 560; *Mirage Irrigation Co. v. Sturgeon,* 77 Neb. 175, 108 N. W. 977; *Johns v. Clother,* 78 Wash. 602, 139 Pac. 755; *Huxtable v. Berg,* 98 Wash. 616, 168 Pac. 187; *Great Falls & C. R. Co. v. Copp,* 38 N. H. 124.

It is true that there are many cases stating that assessments cannot be made upon full-paid stock in the absence of statutory authority therefor, but in these cases, as far as we have examined them, attempt was made to assess stock in absence of provision therefor in the articles or in other voluntary agreement of the stockholders for such assessment. Such was the situation in *Harris v. Northern Blue Grass L. Co.* 185 Fed. 192, also reported on appeal in 194 Fed. 835, in which it is said an assessment cannot be made without statutory authority. Voluntary agreements made by all the stockholders of a corporation to be responsible for future debts are binding. "It scarcely needs judicial authority to the proposition that stockholders can agree that an assessment can be levied on their stock." *Good v. Derr, supra,* p. 417, quoting from *Harris v. Northern Blue Grass L. Co., supra;* 1 Cook, Corporations, p. 383. Such an agreement should, as matter of common sense, be as valid when set out specifically in the articles of incorporation themselves as when made in a separate contract contemporaneous with or subsequent to the organization of the corporation. The

mere incident of the time at which such an agreement is made, or by what sort of instrument it is evidenced, should not be permitted to affect its validity.

However, it may be conceded that an assessment cannot be made upon paid-up stock in the absence of statutory authority therefor, without affecting the assessment made in this case. We find sufficient authority for such assessment in the statutes of South Dakota. The corporation was organized in 1913 and the rights and obligations of its stockholders are fixed by the law of that state as it then stood. Sec. 451 of the Civil Code of 1913 provided that after one-fourth of the capital stock of a corporation was subscribed, the directors might, for the purpose of paying expenses, conducting business, or paying debts, levy and collect assessments upon the subscribed capital stock, in the manner and form and to the extent provided in the Code. More than one-fourth of the stock in the corporation here involved was subscribed. This section was taken from California by the territorial statutes of Dakota in 1877 and prior thereto had been construed by the supreme court of California as warranting assessment of paid-up stock for debts of the corporation. *Sullivan v. Triunfo G. & S. M. Co.* 39 Cal. 459 (1870) ; *Santa Cruz R. Co. v. Spreckles,* 65 Cal. 193, 3 Pac. 661, 802 (1884). In adopting the statute, by a familiar rule of construction Dakota adopted the construction of it theretofore given by the California court. The statute of North Dakota is the same and was derived at the same time and in the same way when what is now the two states constituted Dakota Territory, and the supreme court of North Dakota has held that under this statute an assessment on paid-up stock may be levied unless the articles or by-laws make the stock non-assessable. *More v. Courier-News, 29* N. Dak. 385, 151 N. W. 2.

Some other provisions of the Civil Code of 1913 should be considered as bearing upon the validity of the provision of the corporate articles involved. Sec. 441 provided that

each stockholder of a corporation was individually and personally liable for the debts of the corporation to the extent of the amount unpaid on his common stock. Any creditor might sue a stockholder to recover the unpaid portion. The liability was fixed by the amount unpaid at the time of the commencement of the suit to recover. And in no other case should the stockholders be individually or personally liable for the debts of the corporation. However, sec. 408 provided that articles of incorporation might limit the liability of each stockholder to the amount remaining unpaid on his common stock. This indicates that sec. 441 was not self-operative to limit the personal liability, but to make it apply the articles must prescribe the limit stated in sec. 441, and leaves paid-up stock open to assessment under sec. 451. All three statutes relate to the same subject matter and must be taken together in deciding the question under consideration. The article here involved fixing the limit of the superadded liability fixes it at 100 per cent.

We conclude that whether statutory authority must or need not exist to authorize the imposition of superadded liability upon a stockholder by articles of incorporation, a valid contractual obligation is imposed by the article here involved. This disposes of appellant's contentions (1) and (2) above stated, and we pass to consideration of his contention (3).

(3) Whether the superadded liability should be considered as an asset in the strict sense is unnecessary to decide in the view we take as to the receiver's rights, although as art. VI provides that the superadded liability of the stockholder is for the debts of the corporation and sec. 451 of the 1913 Code gives to the directors power to levy assessments to pay the corporate debts, there would seem to be little room for doubt that the liability is an asset.

(4) Whether the receiver has an absolute right to sue is perhaps a question difficult to determine upon the authorities, which are in confusion and impossible to harmonize.

The question is considered at length in two articles in the Harvard Law Review, vol. 23, p. 46; vol. 45, No. 3, p. 429. One of them treats of the subject from the standpoint whether the right to levy the assessment is derived from statute, and the other from that of the nature of the receiver's title and the source of his authority, but we consider that it is unnecessary to treat these questions at any great length. If the statutes of South Dakota make the super-added liability of the stockholder a corporate asset and make the receiver a *quasi-assignee* of those assets, then as held in *Converse v. Hamilton,* 224 U. S. 243, 32 Sup. Ct. 415, the judgment of the South Dakota court requires us to entertain the action under the full-faith-and-credit clause of the United States constitution. If the statutes of South Dakota do not so provide, we are not obliged to entertain the action under the rule of *Finney v. Guy,* 189 U. S. 335, 23 Sup. Ct. 558. But under the latter case the courts of this state may upon the principle of comity entertain the action and enforce the liability. In the *Converse Case* this court refused to entertain an action and was reversed. In the *Finney Case* it refused to entertain the action and was affirmed. In each case the action was by a receiver appointed by a court of Minnesota. The ground of the ruling in the *Finney Case* was that the receiver suing was appointed by a court of a sister state in an ordinary creditors' action whose power was limited by the jurisdiction of the court appointing him, which did not extend beyond its territorial limits, and therefore could not as matter of right bring suit outside the state of his appointment. But in the concluding paragraph of the opinion it is pointedly stated that the court might have entertained the action "on the principle of comity between the states." If the receiver's authority here be limited as it was in the *Finney Case,* the courts of this state may, and we consider that they should, entertain the action.

The stockholder's liability rests upon the articles of incorporation and the stockholder's assumption of that liability by reason of his purchase of the stock. The liability is purely contractual. As the stockholder's liability rests upon a contract entered into by himself, why should the receiver, on the principle of comity, not be permitted to sue in our courts upon that contract just as he would be permitted to sue on a promissory note or any other contract? The reason for denying the privilege of bringing suit upon which the denial in *Finney v. Guy, supra,* was predicated wholly fails. That reason was that the double liability imposed by the foreign statute was contrary to statutes of this state; and that it was contrary to the public policy of the state to impose a liability on its citizens which was not recognized by its own laws. To hold a stockholder to a liability which he has voluntarily assumed is an entirely different matter from holding him to a liability imposed by a statute contrary to our own statutes. We see no reason why he should not be held to his contract the same as he would be held to any other contract. There is no statute in our state prohibiting a stockholder from voluntarily assuming a superadded liability. His contractual obligation is neither contrary to statute or to good morals. We hold, therefore, that the plaintiff may prosecute his· suit in the courts of this state. This view is in accordance with that expressed in the article in 45 Harvard Law Review, No. 3, p. 429, above mentioned. The only justification for not permitting the suit that we can perceive would be that citizens of our own state were creditors of the corporation and the assets in this state or the debts due from citizens of this state should be devoted to the claims of resident creditors. There is nothing before the court indicating that there are creditors in Wisconsin except such as have submitted to the jurisdiction of the South Dakota court by filing their claims

as required by the judgment of that court. If there be any reason of this nature why the suit should not be prosecuted, it may be set up by answer if the South Dakota suit is a mere creditors' sequestration action and the receiver a mere chancery receiver, as was the situation in *Finney v. Guy, supra,* rather than a suit to enforce a levy made pursuant to a statute which entitles the receiver to sue as a quasi-assignee of corporate assets, as was the situation in *Converse v. Hamilton, supra.* We do not assume to pass upon this question, as it is not necessary to enable us to determine the sufficiency of the complaint.

*By the Court.*—The order of the circuit court is affirmed.