CITY OF WAUWATOSA, Respondent, v. GRUNEWALD,
Appellant.*

*September 5—November 27, 1962.*

* Motion for rehearing denied, without costs, on November 27, 1962.

For the appellant there was a brief and oral argument by *Michael D. Preston* of Milwaukee.

For the respondent the cause was submitted on the brief of *Milton F. Burmaster,* city attorney, and *Donald D. Eckhardt,* assistant city attorney.

BROWN, C. J.   On June 27, 1960, the police justice court for the city of Wauwatosa, Wisconsin, found appellant Thomas Grunewald guilty of violating Wauwatosa city ordinance No. 11.15, an adoption of sec. 346.57 (2), Stats., in that appellant failed to exercise a reasonable and prudent speed in that city. By reason of the conviction appellant was ordered to forfeit $25 as a penalty, together with costs and witness fees in the sum of $19.95, which total the sum of $44.95.

Grunewald appealed to the circuit court for Milwaukee county by serving notice of the appeal on EDGAR A. BARK, police justice, on June 30, 1960. The police justice then filed a correct transcript of the docket and all entries with the circuit court for Milwaukee county on August 3, 1960. The appeal was assigned to WILLIAM F. SHAUGHNESSY, circuit judge. The action lay in the circuit court, with neither party taking measures to bring it to trial. On September 14, 1961, the circuit court (Judge SHAUGHNESSY) dismissed the appeal. On November 17, 1961, that court denied appellant's motion to reinstate his appeal. Grunewald has appealed from the order dismissing his action and from the order denying reinstatement.

The record sent up on appeal to this court does not show what form of notice or, indeed, whether any notice was sent to appellant's counsel respecting a time and place at which counsel might appear and be heard to prevent a dismissal by the circuit court of the action. In his brief, the city attorney states as a fact that:

"On the 15th day of August, 1961, the Honorable WILLIAM F. SHAUGHNESSY, circuit judge, to whom the appeal had been assigned, caused notice to be sent to the attorneys of record that there would be a hearing on September 14, 1961, to determine whether the appeal should be set for trial or dismissal."

The record on page 16 thus referred to by the city attorney is a page of an affidavit made by Mr. Preston, attorney for appellant, filed in support of his motion of October 3, 1961, to reinstate the appeal. The portion of this affidavit pertaining to the notice to counsel is:

"That on the 15th day of August, 1961, affiant first received any notification that the trial court has disposed of its previous cases and was now in a position to consider the matter of the appeal."

These affidavit statements contain no indication that the attorney for the appellant was sent or that he received notice that the appeal was set to be heard on a particular day or place and do not support the allegation in respondent's brief that any hearing was scheduled for September 14th.

Since the record sent up by the clerk of the circuit court did not include the notice itself, the supreme court called upon the clerk to show by a supplemental return this, and other matters which the supreme court considered material, thus:

"(1) An original or a copy thereof of the notice sent to counsel on or about August 15, 1961, and which is referred to in the affidavit of Mr. Preston, attorney for appellant, stating that the trial court was now in the position to consider the matter of the appeal, and further referred to in respondent's 'Statement of Facts' that on August 15, 1961, Circuit Judge SHAUGHNESSY caused notice to be sent to the attorneys of record that 'there would be a hearing on September 14, 1961, to determine whether the appeal should be set for trial or dismissed.'

"(2) The minute or docket entry made in the trial court reflecting what transpired, if anything, in this matter on September 14, 1961, and particularly what appearances, if any, were then made by counsel or parties before the trial court."

In response the clerk informed the supreme court that the circuit court file contains no original or copy of the notice alleged by respondent to have been sent.

The supplemental return gives the trial court's docket entry as follows:

"Sept. 14, 1961. Before Judge SHAUGHNESSY:—Appeal from police justice court came on to be heard. Don Eckhardt, ass't city attorney, appearing for city of Wauwatosa. No appearance by defendant or his counsel. Court dismisses appeal and affirms judgment of police justice court."

Upon being informed that the circuit court had dismissed the appeal, appellant's counsel procured an order requiring the city to show cause why the appeal should not be reinstated. The matter was heard by Judge SHAUGHNESSY on October 20, 1961. Counsel for both parties appeared and submitted oral arguments. On November 17, 1961, the circuit court denied defendant's motion to reinstate the action. The defendant then took this appeal.

Actions concerning the violation of city ordinances are controlled by sec. 66.12 (1), Stats., which states:

"ACTIONS FOR VIOLATION OF CITY OR VILLAGE REGULATIONS. (1) *Collection of forfeitures and penalties.* (a) An action for violation of a city or village ordinance, resolution, or by-law is a civil proceeding. All forfeitures and penalties imposed by any ordinance, resolution, or by-law of the city or village may be collected in an action in the name of the city or village before the justice of the peace, police justice of the peace, . . ."

The parties agree that this action is a civil one, but appellant contends that the circuit court for Milwaukee

county dismissed the appeal pursuant to sec. 958.04 (1) and (2), Stats., which pertains to dismissal of criminal appeals. However, as respondent points out in his brief, there is nothing in the record to indicate that the circuit court dismissed the appeal pursuant to that section.

Appellant also relies on the general statute, sec. 269.25, which provides that the circuit court may dismiss without notice any action or proceeding which has not been brought to trial within five years after its commencement. However, he ignores sec. 306.15 specifically governing the appeals and their dismissals of justice court actions:

"APPEALS FROM JUSTICE COURTS; AFFIRMATION, IF BOTH PARTIES NEGLECT HEARING. If neither party brings the appeal to trial before the third term after filing the return of the justice, the appellate court shall, unless the action is continued for cause, affirm the judgment with costs."

Where a general statute and a specific statute relate to the same subject matter the specific statute controls. *Maier v. Racine County* (1957), 1 Wis. (2d) 384, 84 N. W. (2d) 76.

The date of dismissal of defendant's action was within the fourth term of the circuit court after the justice had filed his return. Sec. 252.06, Stats. Therefore, unless cause be shown for time to be extended, sec. 306.15 directs the appeal to be dismissed. The record does not reveal what cause, if any, was shown to the trial court nor, as we have already said, does it appear the appellant was notified or represented at that hearing. The brief of appellant informs us that:

"The practice in the circuit court in and for Milwaukee county, is such that the action when placed on file, is forthwith assigned to a particular branch of the circuit court, and that branch continues to exercise jurisdiction over the proceedings from the commencement until the entry of judgment.

"The assignment for trial is left to the presiding judge and the date of trial is left to his discretion depending upon the nature of his calendar. It has been the practice of the circuit court that no action would be advanced for trial except for any unusual pressing circumstance."

Our own knowledge of the condition of the Milwaukee county trial calendar and the practice with respect thereto is in accord with appellant's statement.

Sec. 306.15, Stats., *supra,* empowered the circuit court to dismiss this action on September 14, 1961, in the absence of cause shown for enlargement of time. We consider that the statute contemplates that an opportunity be afforded to appellant to show cause, if he has any, and that either the court or opposing counsel notify affected parties of the time when the court will hear the parties before taking the drastic step of dismissing the action.

The record before us does not show any notice given to appellant or to his counsel to appear and be heard at any specified time. From the record no inference can be drawn warning appellant to appear on September 14, 1961, nor is there any indication in the record that upon his failure to appear and show cause for enlargement of time his action might be dismissed. Lacking such a notice for opportunity to be heard on that day, we consider the order of dismissal should not have been entered. We consider, also, that upon the record shown by the original and the supplemental return, it was an abuse of discretion by the learned circuit court not to reinstate the action upon appellant's motion.

Therefore, we reverse the orders from which this appeal is taken and reinstate the action as matters stood immediately before September 14, 1961. We do not say that the circuit court must now consider the action on its merits. We go no further than to say that the circuit court's orders of dismissal and refusal to reinstate are reversed and that the action is to remain reinstated until the circuit court

sends notice to the parties of a day and place where cause may be shown why the action should not be dismissed. [See opinion on motion for rehearing. REPORTER.]

*By the Court.*—Orders reversed. Cause remanded for further proceedings not inconsistent with the opinion.

The following opinion was filed November 27, 1962:

PER CURIAM *(on motion for rehearing)*. Subsequent to our original opinion rendered in this case under date of October 2, 1962, the clerk of circuit court for Milwaukee county made a second supplemental return which was received and filed by the clerk of this court on October 12, 1962. This second supplemental return consisted of the affidavits of Donald D. Eckhardt, assistant city attorney of the city of Wauwatosa, and Dorothy V. Lampe, who was deputy clerk of the circuit court for Milwaukee county, assigned to the branch of such court presided over by the Honorable WILLIAM F. SHAUGHNESSY, on August 15, 1961.

Eckhardt's affidavit stated that he received notice by postcard dated August 15, 1961, informing him of the hearing set for September 14, 1961, in the instant case. This postcard, which was attached to Eckhardt's affidavit and made a part thereof, read as follows:

"Circuit Court
Milwaukee County

Case No. 290–255 Date Aug. 15, 1961
City of Wauwatosa vs Thomas Grunewald
The above action has been set for hearing
before Judge WILLIAM F. SHAUGHNESSY
on Sept. 14, 1961, at 9:30 a.m.
to determine whether there will be
a trial of the issues or an order for dismissal.

Dorothy V. Lampe
Deputy Clerk–Circuit Court"

Miss Lampe's affidavit stated that as deputy clerk of the circuit court for Milwaukee county for the branch presided over by Judge SHAUGHNESSY, she maintained work cards to record the history of each case. On the card maintained for the instant case, she noted in her own handwriting on August 15, 1961, that notice of the hearing scheduled for September 14, 1961, was mailed to the attorneys for the parties. She recalled mailing such notices on that date. The postcard attached to the Eckhardt affidavit is the notice that was so mailed; however, no copy of this notice was retained in the files of the clerk of the circuit court.

The brief of the respondent city of Wauwatosa filed in support of its motion for rehearing is grounded upon the second supplemental return containing the Eckhardt and Lampe affidavits. This brief states that our request to the clerk of the circuit court for Milwaukee county for a second supplemental return, a copy of which request is quoted in our original opinion, was not received by the attorney for Wauwatosa until on or about October 1, 1962, due to his change of business address. This brief also states that this attorney thereafter caused the second supplemental return which consisted of the Eckhardt and Lampe affidavits, to be made to this court. Regardless of the excuse advanced for delay in filing this second supplemental return, this court is not inclined to adopt the practice of considering facts that are advanced for the first time on a motion for rehearing. Cf. *State v. Jelco, Inc.* (1957), 1 Wis. (2d) 630, 638b, 85 N. W. (2d) 487, 86 N. W. (2d) 428.

Nevertheless, we revise the last sentence of our original opinion to read as follows: "We go no further than to say that the circuit court's orders of dismissal and of refusal to reinstate are reversed and that the action is to remain reinstated until the circuit court either (1) makes a factual determination that counsel for appellant Grunewald did

receive adequate notice of the hearing of September 14, 1961, or (2) sets a further hearing after giving timely notice on the issue of whether or not the action should be dismissed."

The motion for rehearing is denied without costs.

---

* Motion for rehearing denied, without costs, on February 5, 1963.