ROBERT P. SORENSEN, PH.D., State Director Board of Vocational,Technical Adult Education
You have asked my advice concerning the appointment of a person to fill a vacancy on the Board of the Gateway Vocational, Technical and Adult Education District which comprises Racine and Kenosha Counties and a part of Walworth County.
As you pointed out in your letter, sec. 38.10, Stats., provides for the use of appointment committees comprised of either county board chairmen or public school district board presidents. Because Gateway was organized by counties rather than school districts, the appointment committee is composed of the three county board chairmen of the counties making up the district. Section 38.10, Stats., also requires that before the appointments are made, a plan of representation must be formulated by the appointment committee. This plan governs membership on the board. Section 38.08 (1)(a), Stats., requires that the membership of the board include, among others, "a school district administrator of a school district which lies within the district." *Page 257 
It appears that recently a number of vacancies have occurred on the Gateway Board and that it has been necessary to establish a plan of representation and make new appointments.
After the appointments are made, sec. 38.10 (2)(c), Stats., imposes a duty on the State Board to require that the district board appointments comply with the provisions of the plan of representation.
The resume of the appointee to the school district administrator vacancy indicates that he is employed by the Kenosha Unified School District No. 1 as an "educational administrator." His job description and duties indicate that he is coordinator of pupil services. According to the records of the Department of Public Instruction, the appointee is not licensed as a public school administrator under the provisions of section PI 3.07 (11) Wis. Adm. Code. He does have a license issued in 1949 permitting him to teach biology in grades seven through twelve. He also has a five-year renewable license good from July 1, 1980, to June 30, 1985, in school counseling for grades kindergarten through twelve.
In your letter you point out that sec. 115.01 (11), Stats., defines school district administrator as "the school district superintendent, supervising principal or other person who acts as the administrative head of a school district and who holds an administrator's license."
Your specific question is whether the appointment of one who does not meet the definition of school administrator as used in sec. 115.01(11), Stats., is invalid for failure to comply with the plan of representation and sec. 38.08 (1), Stats.
Since sec. 115.01 (11), Stats., defines school administrator and sec. 38.08 (1)(a), Stats., employs that term without any redefinition, the two sections deal with the same subject matter and are in pari materia. It is well-settled that statutes dealing with the same subject matter should be construed together so that the common terms may be given the same meaning. See Good v.Starker, 207 Wis. 567, 242 N.W. 204 (1932); Schrab v. StateHighway Commission, 28 Wis.2d 290, 137 N.W.2d 25 (1965); Kuglerv. City of Milwaukee, 208 Wis. 251, 242 N.W.2d 481 (1932); 2A C. Sands, Sutherland Statutory *Page 258 Construction, secs. 51.02 and 51.03 at 290-300 (4th Ed. 1973). It is therefore my opinion that it is appropriate in this situation to construe the two sections together.
This position is strengthened by consideration of the entire phrase "school district administrator of a school district which lies within the district." See sec. 38.08 (1)(a), Stats. As you note in your letter, the term "school district" is defined in sec. 38.01, Stats., as "a school district operating high school grades." Kenosha Unified District is such a district. (See sec. 120.70, Stats.) This district is governed by ch. 115, Stats. etseq., including sec. 115.01 (11), Stats., defining the term "school district administrator." It is clear, therefore, that "a school district administrator from a school district operating high school districts" is one defined in sec. 115.01 (11), Stats., and that the Legislature intended that the appointment to the local vocational, technical and adult education board include a school district administrator as defined in that section. The appointment of any person to the vacancy in question who does not have the qualifications as stated in sec. 115.01 (11), Stats., would not fulfill the requirements of sec. 38.08 (1)(a), Stats., and would therefore be unlawful.
BCL:JWC