CLETUS J. HANSEN, Director Real Estate Bureau Department ofRegulation and Licensing
You request my opinion as to whether a corporation can be licensed as a real estate salesperson under ch. 452, Stats. In my opinion, the answer is no under 1979-80 statutes and under ch. 452 as revised by ch. 94, Laws of 1981, which becomes effective April 1, 1982. The session law last referred to abolishes the real estate examining board, creates a real estate board and transfers powers of issuance of licenses to the Department of Regulation and Licensing. The power to discipline licensees remains in the real estate board.
Admittedly, the question is a close one. Section 452.05, Stats. (1979-80), would seem to permit licensure of a corporation as a real estate salesperson. Section 452.05, Stats. (1979-80), and its renumbered counterpart, sec. 452.09, Stats., as amended, shown in brackets, by ch. 94, Laws of 1981 provides:
 (1) FORM OF APPLICATION. Any person desiring to act as a real estate broker or salesperson shall submit to the examining board [department] an application for a license. Said [the] application shall be in such form as the examining board [department] prescribes and shall set [include] forth:
. . . .
 (b) The name and address of the applicant; if the applicant is a partnership, the name and address of each member; if the applicant is a corporation, the name and address of each of its officers.
Similar implicit permission to incorporate as a real estate salesperson is found in secs. 452.06 and 452.20, Stats. (1979-80), renumbered to secs. 452.10, 452.22, Stats., by ch. 94, Laws of 1981. In a case which did not involve the issue here raised, it was held that a corporation was a person within the meaning of former secs. 136.02, *Page 39 
136.11, Stats. (1957), renumbered to secs. 452.03, 452.13, Stats. (1979-80), by reason of the statutory construction statute, sec.990.01 (26), Stats. Kemmerer v. Roseher, 9 Wis.2d 60,100 N.W.2d 314 (1960). The statutes there involved prohibited any person from engaging in business "as a real estate broker or salesman" without a license, and prohibited "any person" not licensed as a real estate broker or "salesman" from maintaining an action for collection of a commission.
My opinion is primarily grounded on sec. 452.08, Stats. (1979-80), and its renumbered counterpart which specifically address the licensure of corporations and imply that a corporation may not be licensed as a real estate salesperson. Section 452.08 (2), Stats. (1979-80), and as renumbered to sec. 452.12 (2), Stats., by ch. 94, Laws of 1981 provides:
 CORPORATIONS; PARTNERSHIPS. If the licensee is a corporation, the license issued to it entitles the president thereof or such other officer as is designated by the corporation to act as a broker. For each other officer who desires to act as a broker in behalf of the corporation, an additional license shall be obtained. . . . No license as a real estate salesperson shall be issued to any officer of a corporation or member of a partnership to which a license was issued as a broker. If the licensee is a partnership, the license issued to it entitles one member to act as a broker, and for each other member who desires to act as a broker an additional license shall be obtained.
Under the above statute, it appears that the only real estate corporate license available is a brokerage license. Had the Legislature intended otherwise, it would have qualified the "corporation" referred to in the first sentence as a brokerage corporation. It also would have included "corporations" along with officers of corporations and members of partnerships as being ineligible for a salesperson's license once having been issued a brokerage license. When a statute is not explicit, the legislative intent must be obtained from the context of the statute. State ex rel. Madison v. Industrial Comm., 207 Wis. 652,242 N.W. 321 (1932).
Section 452.08, Stats., renumbered to sec. 452.12 (2), Stats., by ch. 94, Laws of 1981, is the controlling statute in this case. It is the only *Page 40 
statute which specifically addresses the scope of the Board's authority to issue real estate licenses to corporations.
Sections 452.05, 452.06 and 452.20. Stats. (1979-80), and their renumbered counterparts, are general statutes concerned only with the procedural aspects of real estate licenses: application, verification and certification. Although statutes in pari materia
must be construed together, Good v. Starker 207 Wis. 567,242 N.W. 204 (1932), it is a cardinal rule that where a general statute and a specific statute relate to the same subject matter. the specific statute controls. Wauwatosa v. Grunewald,18 Wis.2d 83, 118 N.W.2d 128 (1962); Maier v. Racine County, 1 Wis.2d 384,84 N.W.2d 76 (1957).
My answer is further buttressed by Judicial recognition of the fact that corporations are creatures of the state, and it is the state which has the power to create corporations, either private or public. Madison v. Hyland, Hall Co., 73 Wis.2d 364,243 N.W.2d 422 (1976), appeal dismissed, 429 U.S. 953 (1976). A statute conferring a new right, such as the right to be licensed as a real estate salesperson. should not be given such effect unless the intention that the statute be given such effect is clearly expressed. Northern Supply Co. v. Milwaukee,255 Wis. 509, 39 N.W.2d 37's (1949).
The conclusion I have reached is also supported by the administrative interpretation the Real Estate Examining Board and its predecessor, the Real Estate Brokers Board, have placed on sec. 452.08, Stats. (1979-80), and other pertinent statutes including sec. 452.01 (3), Stats. (1979-80), which provides: "'Real estate salesperson' means one who is employed by a real estate broker to perform any act authorized by this chapter to be performed by a real estate broker." Chapter 94, Laws of 1981. repeals this statute effective April 1, 1982, and replaces it with sec. 452.01 (7), Stats., which provides: "`Salesperson' means any person who is employed by a broker to perform any act authorized by this chapter to be performed by a broker."
Whereas it can be argued that the words "employed by" would include an independent contractor relationship, the licensing agency has always interpreted the statutes as requiring a master-servant relationship. Contracting responsibility has been placed on brokers where licensees join in an effort to sell a property, and a salesperson has been compensated for his or her efforts out of proceeds received *Page 41 
by his or her sponsoring broker. Section 452.08 (3), Stats. (1979-80), and its counterpart as renumbered sec. 452.12 (3), Stats., by ch. 94, Laws of 1981, includes language which support the master-servant rather than an independent contractor relationship and provides in part:
 BROKER'S LIABILITY FOR ACTS OF EMPLOYES. (a) Each broker shall be responsible for the acts of any salesperson acting as the broker's agent.
 (b) If a real estate broker maintains any branch offices within this state, each branch office must be under the direct full-time supervision of a licensed real estate broker who is also a licensed salesperson of employer licensee and who resides in the county in which the branch office is located or within 50 miles of the branch office. The employer-broker shall be responsible for the acts and conduct of all licensed employes of the branch office, including the broker who is supervisor of the branch office.
If the Legislature desires to permit corporations to be licensed as real estate salespersons it should pass specific legislation authorizing the same. It has not chosen to do so at its present session.
BCL: RJV:rr